SARA J. SAVAGE (CA SBN 199344)
ssavage@selmanlaw.com
SELMAN LEICHENGER EDSON HSU NEWMAN MOORE LLP
33 New Montgomery, Suite 1850
San Francisco, CA 94105
Telephone: 415.979.0400

Attorneys for Plaintiff SCOTTSDALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN STUMP; DAVID COLLIGAN; LINA COLLIGAN; ASHLEY ANN DELGRECO; VIKING SECURITY SERVICES, INC.; MICHAEL KOCH; KENNETH KOCH; AJP MEXICAN BAR LLC dba LA VIDA CANTINA; CANNON COMMERCIAL, INC.; UNIMAT COMMERCIAL, INC.; SO-CAL BOYS RESTAURANT GROUP, INC., dba ROSCOE'S FAMOUS DELI; JORDAN FRANK; and DOES 1-100, inclusive,<br><br>Defendant. | Case No. 8:25-cv-01925-DOC-DFM<br><br>**JOINT RULE 26(F) REPORT**<br><br>Scheduling Conference:<br><br>Date: February 25, 2026<br>Time: 8:30 a.m.<br>Room: 10A<br><br>**Parties Agree No Scheduling Conference Is Necessary**<br><br>Complaint filed: August 28, 2025 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's order dated December 18, 2025, the parties, through their counsel of record, met and conferred on January 30 and February 9, and at times thereafter. Sara J. Savage, Esq. was present for plaintiff SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), William Salle, Esq. was present for defendant JONATHAN STUMP, Chris Gansen, Esq. was present for defendants DAVID and LINA COLLIGAN.[1]

[1] Whitney Bertch, Esq., counsel for Ashley del Greco (who was served with the operative pleading and timely



Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

**<u>The Parties to this Stipulation agree that the Scheduling Conference currently scheduled for February 25, 2026, at 8:30 a.m. is not necessary and respectfully request that the hearing be vacated.</u>**

The following is a summary of the discussion and agreements between the parties:

**1. Statement of the Case.**

This is an interpleader and declaratory relief action regarding three pending lawsuits styled *DelGreco v. Viking Security Services, Inc., et al.*, Orange County Superior Court Case No. 30-2024-01400773-CU-PO-CJC; *Colligan v. So-Cal Boys Restaurant Group, et al.*, Orange County Superior Court Case No. 30-2023-01324338-CU-PO-NJC; and *Stump v. Viking Security Services, Inc, et al.*, Orange County Superior Court Case No. 30-2023-01326370-CU-PO-CJC (the "Underlying Actions").

In *DelGreco v. Viking Security Services, Inc., et al.*, Orange County Superior Court Case No. 30-2024-01400773-CU-PO-CJC, it is alleged that on May 20, 2022, DelGreco was working as a bartender at Hennessey's Tavern, an Irish styled pub located at 31761 Camino Capistrano, San Juan Capistrano, California ("Hennessey's"). Plaintiff alleges that during her shift, two highly intoxicated patrons became unruly, and Plaintiff asked Viking security guards to remove them from Hennessey's. Plaintiff alleges Viking failed to protect her and that she was violently attacked.

In *Colligan v. So-Cal Boys Restaurant Group, et al.*, Orange County Superior Court Case No. 30-2023-01324338-CU-PO-NJC, it is alleged that on or about December 3, 2022, D. Colligan and L. Colligan were at Roscoe's, a restaurant located at 116 W. Commonwealth Ave., Fullerton, California. D. Colligan and L. Colligan allege that they were about to leave when they heard a commotion in the back patio of Roscoe's where multiple security guards, employed by Viking, were engaged in a physical altercation with two male adults who were

---

filed a responsive pleading) was not present despite Plaintiff's numerous and repeated efforts to obtain a time to conference and to approve this filing. In order to comply with this Court's Order, Plaintiff is filing this required report with the approval of counsel for Stump and the Colligans.

friends of the Plaintiffs. D. Colligan alleges he was then struck in the head and face numerous times by security guard(s), causing him to sustain significant injuries. L. Colligan alleges that she was present at all times and personally witnessed her spouse being struck. Plaintiffs allege that the security guards' actions were without legal justification or excuse.

In *Stump v. Viking Security Services, Inc, et al.*, Orange County Superior Court Case No. 30-2023-01326370-CU-PO-CJC, it is alleged that on July 10, 2022, Stump was at La Vida Cantina, a bar, lounge and restaurant located at 1870 Harbor Boulevard in Costa Mesa, California. Stump alleges that he was at La Vida Cantina with his sister, who had tendered her credit card to the bar to purchase drinks. At approximately 10:32 pm, Stump left his sister at La Vida Cantina and proceeded alone to the parking garage. Stump alleges that he was unaware that three Viking security officers followed him to the parking garage. Stump alleges that he was confronted by the security guards and was restrained by two of the guards while the third interrogated Stump about not paying the tab at the bar. Stump alleges that he explained the bar tab was on his sister's credit card. Stump alleges that security guards then put him in a chokehold/ head lock and pulled him to the ground and assaulted him.

Scottsdale issued to Viking policy number CPS7523079, effective February12, 2022, to February 12, 2023 (the "Policy") which included Commercial General Liability ("CGL") coverage and Errors and Omissions ("E&O") coverage and contained an Assault and/or Battery Limited Liability Coverage endorsement (GLS-215s (02-18)) (the "A&B Coverage Form"). The defendants in this matter claim that the Policy provides up to $1 million in limits of liability for the Underlying Actions. Scottsdale disputes this position due to the $100,000 Each Event, $200,000 Aggregate Limits of Liability in the A&B Coverage Form.

By way of this interpleader action, Scottsdale seeks that this Court order Defendants to interplead their claims for the policy limits available under the Policy, enjoin Defendants from instituting or further prosecuting in any other court affecting the rights and obligations between Scottsdale and Defendants until further order from this Court, and issue an order that



Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 105900 4921-2558-5798 .v1

specifies the manner in how the interplead funds should be distributed. Scottsdale further seeks a judicial declaration to determine the respective rights and obligations of the parties under the Policy, specifically that this Court issue an order specifying that the Limits of Liability available under the Policy are $100,000 Each Event, $200,000 Aggregate.

**2. Subject Matter Jurisdiction.**

The Court has jurisdiction over this matter pursuant to 28 USC § 1335 in that the stakeholders are minimally diverse and the amount in controversy exceeds $75,000.

**3. Legal Issues.**

As noted above, Scottsdale seeks that this Court order Defendants to interplead their claims for the policy limits available under the Policy, enjoin Defendants from instituting or further prosecuting in any other court affecting the rights and obligations between Scottsdale and Defendants until further order from this Court, and issue an order that specifies the manner in how the interplead funds should be distributed. Scottsdale further seeks a judicial declaration to determine the respective rights and obligations of the parties under the Policy, specifically that this Court issue an order specifying that the Limits of Liability available under the Policy are $100,000 Each Event, $200,000 Aggregate.

**4. Parties, Evidence, Etc.**

Below is a list of parties to this litigation:

- Plaintiff Scottsdale, wholly owned by Nationwide Mutual Insurance Company;
- Defendant Jonathan Stump;
- Defendant David Colligan;
- Defendant Lina Colligan;
- Defendant Ashley Ann DelGreco;
- Defendant Viking Security Services, Inc.;
- Defendant Michael Koch;
- Defendant Kenneth Koch;

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

- Defendant AJP Mexican Bar LLC, dba La Vida Cantina;
- Defendant Cannon Commercial, Inc.;
- Defendant Unimat Commercial, Inc.;
- Defendant So-Cal Boys Restaurant Group, Inc., dba Roscoe's Famous Deli;
- Defendant Jordan Frank; and
- Defendant DOES 1-100.

At this time, the Parties have not yet identified all percipient witnesses; however, below is a preliminary list:

- Person(s) most knowledgeable at Viking regarding the Scottsdale commercial general liability insurance policy and the Underlying Actions.
- Jonathan Stump
- Ashley Ann DelGreco
- David Colligan
- Lina Colligan
- Michael Koch
- Kenneth Koch
- Jordan Frank
- Person(s) most knowledgeable at AJP Mexican Bar regarding the Underlying Actions.
- Person(s) most knowledgeable at Cannon Commercial, Inc. regarding the Underlying Actions.
- Person(s) most knowledgeable at Unimat Commercial, Inc. regarding the Underlying Actions.
- Person(s) most knowledgeable at So-Cal Boys Restaurant Group, In. regarding the Underlying Actions.

The key documents in this litigation will be the Scottsdale commercial general liability



Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

policy and the pleadings and documents produced in the Underlying Actions.

**5. Damages.**

Scottsdale's Complaint primarily seeks declaratory relief and to interplead the amounts of its sublimit to the Court for fair and just adjudication.

**6. Insurance.**

This is an interpleader action, seeking a court order requiring Defendants to interplead their claims for policy limits under the Policy.

**7. Motions.**

**(a) Procedural Motions.** Scottsdale does not anticipate filing motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

**(b) Dispositive Motions.** Scottsdale anticipates filing a dispositive motion if needed to have this court order that the sublimit applies and allocate the funds per party subject to proof.

**(c) Class Certification Motion.** Not applicable.

**8. Manual for Complex Litigation.**

The Parties do not believe the procedures of the Manual for Complex Litigation should be utilized.

**9. Discovery.**

**(a) Status of Discovery.** The Parties intend to exchange initial disclosures by March 23, 2026, and do not anticipate disputes in this regard.

**(b) Discovery Plan.** At this time, the Parties do not propose changes to the disclosures or discovery limitations set forth in the Federal Rules of Civil Procedure. The Parties, however, reserve their rights to seek appropriate relief from the Court to seek additional discovery, including additional and/or longer depositions, if necessary.

The Parties agree to work collaboratively to prepare and file a protective order, should



Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 105900 4921-2558-5798 .v1

one become necessary.

With regard to expert discovery, it is Scottsdale's position that expert discovery is irrelevant and inappropriate since the interpretation of an insurance policy is a question of law and experts may not opine on such issues. See, e.g., *Devin v. United Servs. Auto. Assn.*, 6 Cal.App.4th 1149, 1157-58, fn. 5 (1992).

**10. Settlement / Alternative Dispute Resolution (ADR).**

The Parties have not engaged in settlement discussions. The Parties choose private mediation.

**11. Trial.**

**(a) Trial Estimate.** Scottsdale estimates that the time length for a trial is three (3) days.

**(b) Jury or Court Trial.** The Parties agree that a bench trial is appropriate.

**12. Independent Expert or Master.**

The Parties do not request the appointment of a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**13. Other Issues.**

None at this time.

DATED: February 9, 2026

SELMAN LEICHENGER EDSON
HSU NEWMAN MOORE LLP

By: */s/ Sara J. Savage*
SARA J. SAVAGE
Attorneys for Plaintiff



Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 105900 4921-2558-5798 .v1

DATED: February 9, 2026

By: */s/ William Salle*
WILLIAM SALLE
Attorneys for Defendant
JONATHAN STUMP

DATED: February 9, 2026

By: */s/ Chris Gansen*
CHRIS GANSEN
Attorneys for Defendants
DAVID and LINA COLLIGAN

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)**

I, Sara J. Savage, am the ECF User whose identification and password are being used to file this document. Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from Defendant's counsel.

DATED: February 9, 2026

By: */s/ Sara J. Savage*
SARA J. SAVAGE
Attorneys for Plaintiff *Scottsdale Insurance Company*

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW